UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | No.  SAG-19-cv-03375 |
| ) | |
| WILLIAM PATRICK MITCHELL, ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**CONSENT MOTION TO EXTEND DEFENDANT'S RESPONSE DEADLINE**

The Defendant, William Patrick Mitchell, *pro se*, hereby respectfully moves this Honorable Court to enlarge the time to August 31, 2023, to respond to the complaint filed by Plaintiff-Relator, Krah Plunkert. As a basis for the request, Mr. Mitchell states:

1. On April 8, 2021, Mr. Mitchell became a defendant in a criminal action, *United States v. Mitchell*, 21-cr-090 (SAG). He was charged with various counts of Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C. § 371; Honest Services Wire Fraud in violation of 18 U.S.C. § 1343, 1346; Bribery Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B), (a)(2); and Theft Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(A). All charges stemmed from Mr. Mitchell's employment as President and CEO of the Maryland Broadband Corporation (MdBC). Mr. Mitchell is represented in his criminal action by the Federal Public Defenders for the District of Maryland.

2. However, prior to becoming a criminal defendant, Mr. Mitchell was named as a civil defendant in a *qui tam* complaint filed on November 25, 2019. *See* ECF No 1.

3. On March 24, 2023, the United States respectfully declined to intervene in the

action. *See* ECF Nos. 25.

4. On March 29, 2023, this Court unsealed the *qui tam* complaint. *See* ECF No. 26.

5. On April 11, 2023, the State of Maryland respectfully declined to intervene. *See* ECF No. 27.

6. On May 31, 2023, the relator sent a summons to Mr. Mitchell requesting an answer or motion under Rule 12 of the Federal Rules of Civil Procedure. *See* ECF No. 35.

7. On June 2, 2023, the summons was delivered[1] to Margaret Elizabeth Wild-Mitchell at her home in Sarasota, Florida. *See* ECF No. 38.

6. On June 22, 2022, Mr. Mitchell, along with his co-defendant, William Kacher, filed a motion for a stay in the *qui tam* action. *See* ECF No. 45.

7. On July 14, 2023, this Court granted in part and denied in part that stay request. *See* ECF No. 49.

8. Mr. Mitchell does not believe that the part of the stay that was granted excepted him from having to file an answer or Rule 12 motion.

9. However, Mr. Mitchell is without representation on this action and needs time to consult with competent counsel.

10. Additionally, given its bylaws[2] that provide for indemnification, Mr. Mitchell requests the Court order the Maryland Broadband Corporation to provide counsel to him.

11. Because Mr. Mitchell needs time to consult with counsel, regardless of whether it is ordered by the Court, he seeks a short continuance of the deadline for his response

---

[1] Mr. Mitchell does not concede that this was proper service.

[2] Attached as Ex. 1

2

or Rule 12 motion, to August 31, 2023. Notably, this is the same extension deadline recently given to his co-defendant, Mr. Kacher, albeit for different reasons. *See* ECF Nos. 53 & 54.

5. Counsel for Mr. Mitchell on his criminal case conferred with counsel for the relator, Robin Cockey, and she consented to this enlargement of time to respond.

WHEREFORE, Mr. Mitchell, *pro se*, and with the consent of the plaintiff's counsel, requests the Court adjust the deadline for his response or rule 12 motion to August 31, 2023. Mr. Mitchell further requests that the Court order the Maryland Broadband Corporation, consistent with its bylaws, provide counsel to him.

Respectfully submitted,

/s/
_____
WILLIAM PATRICK MITCHELL
*PRO SE*