**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| UNITED STATES *EX REL* PLUNKERT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:19-cv-03375-SAG |
| MARYLAND BROADBAND COOPERATIVE, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT MARYLAND BROADBAND COOPERATIVE'S MOTION FOR**
**ISSUANCE OF A SCHEDULING ORDER**

Defendant Maryland Broadband Cooperative, Inc. ("Maryland Broadband") moves for issuance of a scheduling order under Rule 16(b)(2) of the Federal Rules of Civil Procedure so that it can begin limited written discovery against Plaintiff-Relator and Plaintiff United States. Plaintiff-Relator filed the civil complaint under seal in 2019, and the complaint alleges that the key events and conversations occurred in 2015 and 2016. As the Court has already explained, the "parties to this proceeding have a compelling interest in taking discovery given the amount of time that has elapsed since the events at issue." Dkt. 49.

**BACKGROUND**

Plaintiff-Relator filed this complaint under seal on November 25, 2019. Dkt. 1. Both the United States and the State of Maryland elected not to intervene, Dkts. 25 and 27, and the Court unsealed the Complaint on March 29, 2023. Dkt. 26. On June 22, 2023, Defendants Wayne Kacher, Jr and W. Patrick Mitchell filed a joint motion to stay pending resolution of their criminal matters. Dkt. 45.

On July 14, 2023, the Court imposed a limited stay prohibiting "ONLY any requests of discovery (in the form of interrogatories or depositions) from Mr. Mitchell and Mr. Kacher during the pendency of the criminal proceedings" and that "otherwise the civil case w[ould] proceed." The Court explained that a "complete stay of the civil proceeding is broader than necessary to protect the Fifth Amendment rights of Mr. Mitchell and Mr. Kacher, and the other parties to this proceeding have a compelling interest in taking discovery given the amount of time that has elapsed since the events at issue." Dkt. 49.

Defendant MdBC then answered the Complaint on August 8, 2023. Dkt. 57. Defendants Bel Air, Pro Comm, and Kacher filed a motion to dismiss the Complaint on August 31, 2023. Dkt. 63. On September 26, 2023, Plaintiff-Relator voluntarily dismissed Defendants Bel Air, Pro Comm, and Kacher, Dkt. 66, and the Court approved the voluntary dismissal on September 27, 2023. Dkt. 67. Defendant Mitchell's response to the Complaint is due on October 2, 2023.

## LEGAL STANDARD

Pursuant to Rule 16(b)(2) of the Federal Rules of Civil Procedure "the judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Counsel for MdBC appeared on June 15, 2023, Dkt. 40, thus triggering Rule 16(b)(2).

## ARGUMENT

As the Court explained in its July 14, 2023 order, Maryland Broadband has a compelling interest in starting discovery and will be prejudiced by further delay of this case. Dkt. 49. The Naval Air Warfare Center Aircraft Division awarded the contract at issue in the complaint to Maryland Broadband in 2008. Maryland Broadband submitted invoices to the government

beginning soon after that. The complaint alleges that key events and conversations occurred in 2015 and 2016. Plaintiff-Relator filed the civil complaint under seal in 2019 and has been waiting for over four years to litigate this matter. In other words, relevant discovery may reach back thirteen years at this point already.

Maryland Broadband's ability to obtain documents and depose witnesses may be impeded unless it is able to start discovery. With the passage of time, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." *Consumer Fin. Prot. Bureau v. Access Funding, LLC*, No. CV ELH-16-3759, 2022 WL 1556096, at *5 (D. Md. May 16, 2022) (*quoting In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981)). Maryland Broadband intends to take discovery from the Navy and the Department of Justice about the contract at issue and federal investigation of Maryland Broadband and is concerned that key witnesses may no longer work for the federal government and may be harder to track down.

In addition, Maryland Broadband wishes to take written discovery from Plaintiff-Relator, including to obtain a copy of the financial records that he took from Maryland Broadband (as quoted in his complaint) and to understand the basis for his allegations against Maryland Broadband, so that the organization can begin to prepare its defense to this matter.

## <u>CONCLUSION</u>

For these reasons, the Court should grant Maryland Broadband's motion for a scheduling order and allow Maryland Broadband to proceed with limited discovery against Plaintiff-Relator, the Navy, and the Department of Justice.

A proposed order is attached.

Dated: September 29, 2023                     Respectfully submitted,

/s/ Sara E. Kropf
Sara E. Kropf (Bar No. 26818)
Rebecca Guiterman (*pro hac vice*)
KROPF MOSELEY PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
rebecca@kmlawfirm.com

*Attorney for Maryland Broadband*
*Cooperative*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2023, the foregoing motion was served through the Court's ECF system and a copy was mailed to Patrick Mitchell at 7453 Palmer Glen Circle, Sarasota, FL 34200.

/s/ Sara E. Kropf
Sara E. Kropf