**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Matthew J. Maddox
United States Magistrate Judge
MDD_MJMChambers@mdd.uscourts.gov



101 West Lombard Street
Chambers 3B
Baltimore, Maryland 21201
(410) 962-3407

October 24, 2023

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:   *United States of America, et al. v. Maryland Broadband Cooperative, et al.*
      Civil No. SAG 19-3375

Dear Counsel:

Please be advised that a settlement conference in the above-referenced case is scheduled for **Thursday, February 1, 2024, at 10:00 a.m.** We will proceed remotely by video teleconference via ZoomGov, a licensed version of Zoom with added security. If you have any issues or questions about proceeding remotely, please send me an ex parte email to the chambers email address: MDD_MJMChambers@mdd.uscourts.gov. If you have a conflict February 1, 2024, you should submit a letter to my chambers, **within one week of this letter**, requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.

Additionally, the Court will consider a JOINT request to conduct an in-person conference if all necessary participants agree to appear in person. Such requests should be submitted by joint letter to my chambers **within one week of this letter** and should include a short statement as to why an in-person conference is preferred.

To facilitate email invitations and instructions for the video teleconference, **please send the names of the attendees and their email addresses to my chambers email address as soon as possible.**

Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

**PLEASE NOTE**: It is essential that the parties, or in the case of a business entity, a representative with complete authority to enter into a binding settlement, attend the settlement conference personally. A person with complete authority is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1] Attendance by the attorney for a party is not sufficient. Please also

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the

Civil No. SAG 19-3375
October 24, 2023
Page 2

be advised that the conference may take the entire day, and all those in attendance should plan accordingly.

Each party is requested to submit a short ex parte letter, **NOT TO EXCEED FIVE PAGES**, by email to MDD_MJMChambers@mdd.uscourts.gov no later than **Thursday, January 18, 2024**, candidly setting forth the following:

(1) facts you believe you can prove at trial;

(2) the major weaknesses in each party's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a **significant** effect on settlement for the Court to review prior to settlement (including a tabbed and highlighted copy of any relevant memoranda and/or citation to the ECF numbers and page numbers);

(4) an evaluation of the maximum and minimum damage awards you believe likely;

(5) if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets; the amount of any relevant mortgage or liens; and recent income tax information;[2]

(6) the history of any settlement negotiations to date; and

(7) estimate of attorneys' fees and costs of litigation through trial.

If you wish for me to review any deposition excerpts or exhibits, attach a copy to your letter. **A paper copy of any ex parte letters with attachments that total more than 15 pages in length should be mailed or hand delivered to chambers with a table of contents.  Please highlight and tab the portions of attachments that you want me to review.**  I also will review the select pleadings in the court file.  Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.

**In addition to submitting ex parte letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.**  First, Plaintiff(s) shall forward a written settlement demand to the Defendant(s) no later than three weeks prior to the settlement conference. Plaintiff(s)' demand shall particularize, at

---

scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

[2] Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the ex parte letter for the Court's review.

Civil No. SAG 19-3375
October 24, 2023
Page 3

a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff(s)' demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intend to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position.  **THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE EX PARTE LETTERS SUBMITTED TO THE COURT.  Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).  All participants and attendees in this mediation agree that all communications related to the mediation, and all negotiations and settlement discussions, communicated in any medium, are private and confidential.

You, or anyone on your behalf, may NOT audio or video record any mediation session or portion thereof.  If you learn of an audio or video recording of any session, you shall take immediate measures to destroy the recording and will not disseminate the recording to third parties.  You further agree that you will not transmit a live or deferred video or audio relay of the online mediation sessions to third parties.

In the unlikely event that, during the settlement conference, you are placed into what is meant to be a private and confidential space, such as a "breakout room," and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take steps to correct this and immediately contact the mediator.

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT**, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/S/

Matthew J. Maddox
United States Magistrate Judge